**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 10-20235

    HONORABLE DENISE PAGE HOOD

AARON LAMONT SCOTT (D-9),

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS**

**I.  BACKGROUND**

Defendant Aaron Lamont Scott is charged in the Second Superceding Indictment with: Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1) (Count 1); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count 6); Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. § 841(a)(1) (Count 7); Possession of a Firearm in furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count 8); Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count 9); Possession of a Firearm in furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count 11); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count 12);  including a forfeiture allegation.  (Second Superseding Indictment, Doc. No. 309)

Scott now seeks to dismiss Count 11 or consolidating the two possession of firearm charges against him in Counts 8 and 11.  The Government opposes the motion.  For the reasons set forth on the record and below, the Motion to Dismiss is denied.

**B.  Analysis**

### 1. Motion to Dismiss Standard

Motions to dismiss in a criminal action are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring a motion challenging "a defect in the indictment or information, including "a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. Second, the indictment is sufficient if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974). "An indictment as drafted is presumed sufficient if it tracks statutory language, cites the elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy,* 1 F.3d 1501, 1504 n. 3 (6th Cir. 1993). A motion to dismiss is limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government. *United States v. Keller,* 2009 WL 2475454 * 4 (E.D. Mich. Aug. 11, 2009) (unpublished); *United States v. Landham,* 251 F.3d 1072, 1080 (6th Cir. 2001)(A trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

### 2. Single Violation of Section 924(c)(1)/Predicate Offense

Scott argues that a defendant commits only a single violation of 18 U.S.C. § 924(c)(1) when a defendant uses multiple firearms in relation to a single drug trafficking offense. He claims that § 924(c) focuses on firearms only to the extent that a defendant uses or carries these firearms during and in relation to crimes of violence or drug trafficking crimes or possesses them in furtherance of the crime. Scott asserts that Count 11 should be dismissed because there is only one predicate

offense at issue.

The Government responds that Counts 1 and 7 against Scott are two separate predicate offenses for the purposes of their corresponding § 924(c) charges. Count 8, the firearms charge is premised upon Count 7, the possession with intent to distribute crack cocaine. Count 11, the firearms charge is premised upon Count 1, the conspiracy to possess with intent to distribute more than 5 kilograms of cocaine.

Count 1 alleges that Scott and others, beginning on or before December 2009, knowingly and intentionally conspired and agreed with each other and other persons, to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The conspiracy was to secure cocaine from Mexico and transporting the cocaine to Michigan. Scott received the cocaine as a distributor and would distribute various quantities of cocaine for distribution in Michigan. (Count 1, Second Superseding Indictment, Doc. #309)

Count 7 is an allegation against Scott only stating that on July 9, 2010 on Yonka Street in Detroit, Scott knowingly, intentionally and unlawfully possessed with intent to distribute a mixture or substance more than 5 grams of cocaine base, known as crack, in violation of 21 U.S.C. § 841(a)(1). (Count 7, Second Superseding Indictment, Doc. #309).

In the Sixth Circuit, duplicity is the joining of two or more separate offenses into a single count of the indictment. *United States v. Shumpert Hood,* 210 F.3d 660, 662 (6th Cir. 2000) The Sixth Circuit has held that multiple-object conspiracies are not void for duplicity. *United States v. Campbell,* 279 F.2d 392, 398 (6th Cir. 2002); *United States v. Dale*, 168 F.3d 429, 431-32 (6th Cir. 1999). Whether the evidence in support of a conspiracy count establishes a single conspiracy or multiple independent conspiracies is not relevant on a motion to dismiss but is a question of fact for

3

a jury. *United States v. Beech-Nut Nutrition Corp.,* 871 F.2d 1181, 1191-92 (2d Cir. 1989). "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous for the conspiracy is the crime and that is one, however diverse its objects." *Braverman v. U.S.,* 317 U.S. 49, 54 (1942)(Internal quotation and citations omitted); *United States v. Kelley,* 461 F.3d 817, 830 (6th Cir. 2006).

Scott cites *United States v. Taylor,* 13 F.3d 986 (6th Cir. 1994) to support his argument that Count 11 should be dismissed. However, that case is inapplicable since it clearly states that there is only a single violation of § 924(c)(1) when he uses multiple firearms to a "single drug trafficking offense." *Id.* at 992. In this case, the Indictment, viewing the four corners of the Indictment, shows that there are two separate predicate offenses as to Scott. Count 1 alleges a conspiracy count, which is a separate crime as set forth in *Braverman, supra.* Count 7 is a separate count against Scott only as to a July 9, 2010 incident on Yonka Street. These two separate counts require different sets of facts. The Sixth Circuit has held that multiple convictions and sentences under § 924(c)(1) so long as the convictions are based on separate predicate acts. *United States v. Sims,* 975 F.2d 1225, 1233 (6th Cir. 1992); *United States v. Burnette,* 170 F.3d 567, 572 (6th Cir. 1999); *United States v. Nabors,* 901 F.2d 1351, 1357-58 (6th Cir. 1990).

Reviewing the Second Superseding Indictment in light most favorable to the Government, Scott has not shown that Counts 1 and 7 are a single predicate offense. The Motion to Dismiss and/or Consolidate the counts is denied as to Counts 8 and 11.

### III.   CONCLUSION

For the reasons set forth on the record and above,

IT IS ORDERED that Defendant Aaron Lamont Scott's Motion to Dismiss and/or

4

Consolidate **(#320)** is DENIED.

                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: March 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2013, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager