## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                 Case No.  10-20235

v.

                                 HONORABLE DENISE PAGE HOOD

AARON LAMONT SCOTT (D9),

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS COUNTS 8 AND 11

### I.    BACKGROUND

Defendant Aaron Lamont Scott was indicted, along with several co-defendants, of conspiracy to distribute cocaine and other charges.  Scott entered a plea of guilty on July 23, 2013 as to Counts One (conspiracy to distribute more than 500 grams of cocaine) and Two (possession of firearms in furtherance of a drug trafficking crime) of the First Superseding Information.  On October 24, 2014, the Court allowed Scott to withdraw his plea of guilty to the First Superseding Information.  (Doc. No. 473)

The October 24, 2014 Order also provided that the Government may exercise its right to move for reinstatement of the Second Superseding Indictment within the time set in 18 U.S.C. § 3296(a), which is 60 days from the date the Court entered its order withdrawing the plea.  To date, no such motion has been filed by the

Government. At the hearing, the Government indicated it was not required to move for reinstatement of the Second Superseding Indictment since it had not been dismissed. Scott's counsel agreed with the Government that there was no such requirement. The Court proceeded with Scott's Motion to Dismiss Counts Eight and Eleven of the Second Superseding Indictment.

The Second Superseding Indictment filed November 6, 2012 as to Scott alleges: Conspiracy to Distribute and to Possess with Intent to Distribute More than 5 kilograms of controlled substance-cocaine, 21 U.S.C. §§ 846; 841(a)(a) (Count One); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count Six); Possession of Cocaine Base With Intent to Distribute, 21 U.S.C. § 841(a)(1) (Count Seven); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Eight); Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count Nine); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Eleven); and, Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count Twelve). (Doc. No. 309)

Scott seeks to dismiss Counts Eight and Eleven of the Second Superseding Indictment, which allege that Scott possessed firearms in furtherance of a drug trafficking crime. Scott claims that mere possession of the firearms during a drug trafficking crime is insufficient under these counts since there are no facts alleged to

2

distinguish between mere possession of the firearms from possessing the firearms "in furtherance of the underlying drug trafficking crime." (Motion, ¶ 12) Scott asserts this prevents the defense from being sufficiently apprised of what it must be prepared to meet at trial. Scott acknowledged that the Court denied a previous Motion to Dismiss Count Eleven on the grounds that there was only one predicate drug trafficking offense underlying both Counts Eight and Eleven. (Doc. No. 332)

The Government responds that the motion asks the Court to go beyond the validity of the charges and to make a pre-trial determination regarding the adequacy of the evidence, which the Court is unable to make on a motion to dismiss.

## II.   ANALYSIS

Motions to dismiss in a criminal action are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring a motion challenging "a defect in the indictment or information," including "a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974). "An indictment as drafted is presumed

sufficient if it tracks statutory language, cites the elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy,* 1 F.3d 1501, 1504 n. 3 (6th Cir. 1993). A motion to dismiss is limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government. *United States v. Keller,* 2009 WL 2475454 * 4 (E.D. Mich. Aug. 11, 2009) (unpublished); *United States v. Landham,* 251 F.3d 1072, 1080 (6th Cir. 2001)(A trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

The Court, in its previous Order denying Scott's Motion to Dismiss Count Eleven, found that "Count 8, the firearms charge is premised upon Count 7, the possession with intent to distribute crack cocaine" and that "Count 11, the firearms charge is premised upon Count 1, the conspiracy to possess with intent to distribute more than 5 kilograms of cocaine." (Doc. No. 332, p. 3) Although Scott's previous motion argued that Counts Eight and Eleven were only premised on one predicate offense, Scott could have raised at that time the issue he now raises that these two counts failed to allege facts "in furtherance" of the underlying crime charged.

The statute at issue, 18 U.S.C. § 924(c)(1)(A), provides in pertinent part, "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced

4

punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the Untied States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be sentenced to a term of imprisonment.  18 U.S.C. § 924(c)(1)(A).

Viewing the Second Superseding Indictment within its four corners only, Count Eight charges Scott with, "on or about July 9, 2010, in the Eastern District of Michigan, Southern Division, the defendant, AARON LAMONT SCOTT, did knowingly and unlawfully possess a firearm, that is a ROMARM/CUGIR, Model SAR-1, 762 caliber rifle, bearing serail number S1-12321-99, which is semi-automatic assault weapon, in Furtherance of the drug trafficking crime of possession of cocaine base with intent to distribute as alleged in Count Seven of the Second Superseding Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 924(c)(1)(B)(I)."  (Doc. No. 309, Count Eight) Count Eight tracks the language of § 924(c)(1)(A) and provides the  approximate date and place of the crime alleged.

Again, viewing the Second Superseding Indictment within its four corners only, Scott is charged in Count Eleven with, "on or about July 9, 2010, in the Eastern District of Michigan, Southern Division, the defendant, AARON LAMONT SCOTT,

5

did knowingly and unlawfully possess firearms, that is one .25 caliber Taurus Handgun, bearing serial number DRL24482, one Olympic Arms semi-automatic AR-15 rifle, bearing serial number T3294, which is a semi-automatic assault weapon, and one Hawk Industries 12-gauge shotgun, bearing serial number 0000391, in Furtherance of the drug trafficking crime of Conspiracy to Distribute and Possess with Intent to Distribute More than Five Kilograms of Cocaine as alleged in Count One of the Second Superseding Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 924(c)(1)(B)(I)." (Doc. No. 309, Count Eleven) Count Eleven tracks the statutory language of § 924(c)(1)(A) and provides approximate date and place of the crime alleged.

Because Counts Eight and Eleven track the statutory language and provide the approximate dates and places of the crime alleged, and viewing the four corners of the Indictment in the light most favorable to the Government, the Court finds that Counts Eight and Eleven allege sufficient facts to place Scott on notice as to the crimes charged against him.  Scott has notice as to the type of firearms involved, the date and place where the crime occurred and the fact that these firearms were alleged to be used in furtherance of the crimes involving drug trafficking.  The Government is not required to allege any factual allegations as to how the firearms were used to "further" the underlying crimes; only that the firearms were used to further the underlying drug

trafficking crimes. Scott's Motion to Dismiss Counts Eight and Eleven must be denied.

## III.   CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that Defendant Aaron Scott's Motion to Dismiss Counts Eight and Eleven (**Doc. No. 476**) is **DENIED**.

IT IS FURTHER ORDERED that a Pretrial Status Conference is set for **January 14, 2015, 3:00 p.m.**, with the trial date already set for January 27, 2015, 9:00 a.m. Witness and exhibit lists will be submitted to the Court on or before the conference date.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: December 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager