UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 10-20235

v.

HONORABLE DENISE PAGE HOOD

AARON LAMONT SCOTT (D9),

    Defendant.
_____/

**AMENDED[1] ORDER DENYING MOTION TO DISMISS
COUNTS FOUR AND SIX OF THE
THIRD SUPERSEDING INDICTMENT**

**I.    BACKGROUND**

Defendant Aaron Lamont Scott was indicted, along with several co-defendants, of conspiracy to distribute cocaine and other charges in October 2010. (Doc. No. 60) Scott entered a plea of guilty on July 23, 2013 as to Counts One (conspiracy to distribute more than 500 grams of cocaine) and Two (possession of firearms in furtherance of a drug trafficking crime) of the First Superseding Information. On October 24, 2014, the Court allowed Scott to withdraw his plea of guilty to the First Superseding Information. (Doc. No. 473)

The October 24, 2014 Order also provided that the Government may exercise

---

[1] The Order is amended to correct typographical errors.

its right to move for reinstatement of the Second Superseding Indictment which was filed on November 6, 2012. On January 8, 2015, a Third Superseding Indictment was filed. (Doc. No. 483) Scott filed a Motion to Dismiss or Consolidate Counts 4 and 6 of the Third Superseding Indictment on February 17, 2015. (Doc. No. 486) The Government filed a response indicating the motion was moot since a Fourth Superseding Indictment was filed on February 19, 2015 which addressed Scott's concerns in his Motion to Dismiss. (Doc. Nos. 488, 494). No reply by Scott was filed to the Government's response.

The Fourth Superseding Indictment filed February 19, 2015 as to Scott alleges: Conspiracy to Distribute and to Possess with Intent to Distribute More than 5 Kilograms of Controlled Substance-Cocaine, 21 U.S.C. §§ 846; 841(a)(1) (Count One); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count Two); Possession of Cocaine Base With Intent to Distribute, 21 U.S.C. § 841(a)(1) (Count Three); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Four); Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count Five); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Six); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count Seven); and, Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance-Marijuana

(Count Eight). (Doc. No. 488)

This matter is before the Court on Scott's Third Motion to Dismiss involving the same two firearm charges. (See, previous Orders Denying Motions to Dismiss, Doc. Nos. 332 and 481)[2] A response brief has been filed by the Government.

## II. ANALYSIS

### A. Absence of Conspiracy to Distribute Marijuana Charge

The Sixth Circuit has held that a superseding indictment "supplants the earlier indictment and becomes the only indictment in force." *United States v. Goff*, 187 F. App'x 486, 491 (6th Cir. June 27, 2006). However, a superseding indictment does not moot a pending motion to dismiss where the superseding indictment "did not materially alter the nature [and] scope" of the charged offense. *Id.* The Court reviews both the Third and Fourth Superseding Indictments.

In his current Motion to Dismiss, Scott claims that Counts Four and Six of the Third Superseding Indictment are fatally flawed in that there is no allegation of "conspiracy to distribute and possess with intent to distribute marijuana." Count Four of the Third Superseding Indictment alleges a violation of 18 U.S.C. § 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime:

---

[2] An Order denying a Motion to Suppress Search Warrant was also entered by the Court. (Doc. No. 315)

>That on or about July 9, 2010, in the Eastern District of Michigan, Southern Division, on Yonka Street in Detroit, Michigan, the defendant, **AARON LAMONT SCOTT**, did knowingly and unlawfully possess a firearm, that is, a ROMARM/CUGER, Model SAR-1, 7.62 caliber rifle, bearing serial S1-12321-99, which is a semi-automatic assault weapon, in furtherance of the drug trafficking crimes of *conspiracy to distribute and possess with intent to distribute marijuana*; or possession of cocaine base with intent to distribute as alleged in Count Three of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

(Doc. No. 483, Count Four)(italics added). Count Six in the Third Superseding Indictment alleges:

>That on or about July 9, 2010, in the Eastern District of Michigan, Southern Division, on Wexford Street in Detroit, Michigan, the defendant, **AARON LAMONT SCOTT**, did knowingly and unlawfully possess a firearms, that is, one .25 caliber Taurus Handgun, bearing serial number DRL24482, one Olympic Arms semi-automatic AR-15 rifle, bearing serial number T3294, and one Hawk Industries 12-gauge shotgun, bearing serial number 0000391, in furtherance of the drug trafficking crimes of *conspiracy to distribute and possess with intent to distribute marijuana*, or conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine as alleged in Count One of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

(Doc. No. 483, Count Six) (italics added).

In the Fourth Superseding Indictment, Count Eight was added to allege a Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance-Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Doc. No. 488, Count Eight) Scott's argument that the Third Superseding Indictment fails to allege

the marijuana conspiracy and distribution charge is now moot since the Fourth Superseding Indictment added the charge in Count Eight.

### B. Double Jeopardy/Multiplicity

Scott also raises the argument that the firearm charges in Counts Four and Six violate the Double Jeopardy Clause because there are two alternative predicate offenses alleged in these two counts–for conspiracy and distribution marijuana or conspiracy to distribute cocaine. The Government responds that the two conspiracy drug charges are separate and distinct from the firearm charges and Double Jeopardy is not implicated.

The Fifth Amendment Double Jeopardy Clause prohibiting against twice placing a defendant in jeopardy for the same offense shields a defendant from three potential harms: 1) a second prosecution for an offense after an initial acquittal; 2) a second prosecution for an offense after an initial conviction; and, 3) multiple punishments for the same offense. *United States v. Gibbons,* 994 F.2d 299, 301 (6th Cir. 1993). Multiplicity in the indictment may also "unfairly suggest that more than one crime has been committed." *United States v. Swafford,* 512 F.3d 833, 844 (6th Cir. 2008). However, "a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States,* 450 U.S. 333, 344 n. 3 (1981). "The Double Jeopardy Clause is not violated

5

merely because the same evidence is used to establish more than one statutory violation if discrete elements must be proved in order to make out a violation of each statute." *United States v. DeCarlo,* 434 F.3d 447, 455-56 (6th Cir. 2006).

On two previous occasions, the Court denied Scott's Motions to Dismiss these two firearm charges based on Scott's arguments that the language in the indictment was insufficient to place him on notice as to the charges against him, specifically as to the underlying predicate acts. (Doc. Nos. 332, 481) Scott now raises the Double Jeopardy Clause argument as to the same two firearm charges.

The Sixth Circuit has held that a conspiracy count and a substantive offense that comprise an overt act in furtherance of the conspiracy can both support a § 924(c) conviction. "Congress intended section 924(c) to serve as an enhancement to other drug trafficking crimes whether they be conspiracies or substantive offenses." *Gibbons,* 994 F.2d at 302. Multiple convictions for § 924(c) violations do not violate Double Jeopardy Clause as long as each is based upon a separate predicate drug trafficking offense or crime of violence. *United States v. Henry*, 878 F.3d 937, 942 (6th Cir. 1989); *United States v. Mackey,* 265 F.3d 457, 461-62 (6th Cir. 2001); *United States v. Nabors,* 901 F.2d 1351, 1358 (6th Cir. 1990).

The two firearm charges in Counts Four and Six are alleged to have occurred on the same date, July 9, 2010, but at different locations using different firearms. The

Court finds that as to the two firearm charges, each is based upon two separate acts and different firearms.

As to the underlying predicate drug offenses, both firearm charges allege alternative drug offenses–the cocaine (Count One) or marijuana (Count Eight) distribution charges in the Fourth Superseding Indictment. Although both conspiracy to distribute drug charges are alleged to have occurred during the same time, from December 2009 to October 2010, each underlying conspiracy distribution charges are separate offenses since they involve different drugs. Count One, the conspiracy to distribute cocaine, involves a Schedule II controlled substance. (Doc. No. 488, Count One) Count Eight, the conspiracy to distribute marijuana charge, involves a Schedule I controlled substance. (Doc. No. 488, Count Eight) In deliberating the firearm charges in Counts Four and Six, so long as the jury finds either drug trafficking charge involving cocaine or marijuana occurred, then the firearm charges do not implicate the Double Jeopardy Clause. The Court, for the third time, denies Scott's Motion to Dismiss the firearm charges set forth as Counts Four and Six in the Third and Fourth Superseding Indictments.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Aaron Scott's Motion to Dismiss Counts Four

and Six of the Third Superseding Indictment **(Doc. No. 486)** is **DENIED**. This ruling also applies to the Fourth Superseding Indictment.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: April 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager