## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                       Case No.  10-20235

v.

                                       HONORABLE DENISE PAGE HOOD

AARON LAMONT SCOTT (D9),

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS
## COUNT ONE OF THE FOURTH SUPERSEDING INDICTMENT

## I.   BACKGROUND

Defendant Aaron Lamont Scott was indicted, along with several co-defendants, of conspiracy to distribute cocaine and other charges in October 2010.  (Doc. No. 60) Scott entered a plea of guilty on July 23, 2013 as to Counts One (conspiracy to distribute more than 500 grams of cocaine) and Two (possession of firearms in furtherance of a drug trafficking crime) of the First Superseding Information.  On October 24, 2014, the Court allowed Scott to withdraw his plea of guilty to the First Superseding Information.  (Doc. No. 473) The current indictment governing this matter is the Fourth Superseding Indictment, filed February 19, 2015 alleging: Conspiracy to Distribute and to Possess with Intent to Distribute More than 5 Kilograms of Controlled Substance-Cocaine, 21 U.S.C. §§ 846; 841(a)(1) (Count

One); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count Two); Possession of Cocaine Base With Intent to Distribute, 21 U.S.C. § 841(a)(1) (Count Three); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Four); Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count Five); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count Six); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count Seven); and, Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance-Marijuana (Count Eight). (Doc. No. 488)

This matter is before the Court on Scott's Fourth Motion to Dismiss seeking to dismiss Count One for Conspiracy to Distribute and to Possess with Intent to Distribute More than 5 Kilograms of Controlled Substance-Cocaine, 21 U.S.C. §§ 846; 841(a)(1). The Court's last order denied Scott's Motion to Dismiss Counts Four and Six of the Third (and Fourth) Superseding Indictment. (Doc. No. 512)[1]  A response brief has been filed by the Government.

## II.    ANALYSIS

In his current Motion to Dismiss, Scott claims that Count One of the Fourth

---

[1] See also previous Orders Denying Motions to Dismiss (Doc. Nos. 332 and 481) and Order Denying Motion to Suppress Search Warrant (Doc. No. 315).

2

Superseding Indictment must be dismissed because the Government's counsel's interactions with the grand jury during the grand jury proceedings were not properly recorded as required under Rule 6(e) of the Rules of Criminal Procedure. Scott claims that at the conclusion of the evidence presented on November 6, 2012, at least one grand juror, and perhaps more, expressed doubt about the sufficiency of the evidence presented as to Scott's involvement in the conspiracy as alleged in Count One. Scott surmises that legal arguments were thereafter presented to the grand jury regarding this issue which were not recorded. Scott seeks an evidentiary hearing on this issue.

The Government responds that the November 6, 2012 proceedings involved the Second Superseding Indictment and not the current Fourth Superseding Indictment, which both were before different grand juries. Since Scott has not argued that there were irregularities before the grand jury reviewing the evidence related to the current Fourth Superseding Indictment, Scott's current Motion to Dismiss is denied. In any event, the Government argues that the Assistant United States Attorney did not have any unrecorded conversations with the grand jury on November 6, 2012. The Government further claims that Scott must show more than a generic allegation of prosecutorial misconduct before disclosure of any grand jury proceedings can be justified and to allow the prosecutor to breach the confidentiality of grand jury proceedings.

At the hearing, Scott's counsel agreed with the Government that the grand jury panel that handed down the current Fourth Superseding Indictment is not the same grand jury which handed down the Second Superseding Indictment. The Court denied Scott's Motion to Dismiss on the record and the reasons are set forth below.

The Sixth Circuit has held that a superseding indictment "supplants the earlier indictment and becomes the only indictment in force." *United States v. Goff*, 187 F. App'x 486, 491 (6th Cir. June 27, 2006). A presumption of regularity attaches to the grand jury's proceedings and persons attacking such proceedings have the burden of demonstrating that irregularity occurred. *United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Powell*, 823 F.2d 996, 1000 (6th Cir. 1987)(citing *United States v. Calandra*, 414 U.S. 338, 344-45 (1974)). The prosecution's evidence is tested at trial, not in a preliminary proceeding. *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982). The defendant has the burden of showing a "compelling necessity" to break the "indispensable secrecy of grand jury proceedings" and such a compelling necessity must be demonstrated by establishing a "particularized need" rather than a general one. *Id.* at 184.

The Fifth Amendment of the United States Constitution does not require federal

4

courts to examine the sufficiency of the evidence upon which a grand jury relies to bring a true bill. *Powell*, 823 F.2d at 1000. The rule against inquiry into the grand jury process, and the evidence presented to the grand jury, is to be strictly applied except if there are allegations of bias by the grand jury or that it was illegally constituted or a showing of long-standing prosecutorial misconduct. *Id.* at 1000-01. Proof of long-standing abuse by the prosecutors would include a showing that the prosecutors in the Eastern District of Michigan have a history of abusing the grand jury process. *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985). In addition, a defendant must show that he was actually prejudiced by the prosecutor's actions. *Id.*

In this case, Scott has not asserted that there were irregularities as to the grand jury proceedings involving the current and governing Fourth Superseding Indictment. Based on this alone, Scott's Motion to Dismiss is denied. In any event, Scott has failed to submit any evidence that the prosecutor or prosecutors in this District has or have a long-standing history of abusing the grand jury process. Scott also failed to show how he was actually prejudiced by the prosecutor's action.

## III. CONCLUSION

For the reasons set forth on the record and above,

IT IS ORDERED that Defendant Aaron Lamont Scott's Motion to Dismiss

5

Count One of the Fourth Superseding Indictment (**No. 518**) is DENIED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager