# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AARON SCOTT,
    Plaintiff-Petitioner,

v.

UNITED STATES OF AMERICA,
    Defendant-Respondent.
_____/

Criminal No. 10-cr-20235-9
Civil Case No. 17-cv-10248

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
## ORDER DISMISSING CIVIL CASE NO. 17-CV-10248
## and
## ORDER DENYING CERTIFICATE OF APPEALABILITY

**I. BACKGROUND**

On October 6, 2015, pursuant to a Rule 11 Plea Agreement (R. 557: Plea Agreement, PgID 4398), Petitioner Aaron Scott pled guilty to Counts Three and Four of the Fourth Superseding Indictment for: (a) possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C § 841(a)(1)(Count Three); and (b) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(Count Four). On January 14, 2016, Petitioner was sentenced to twelve months imprisonment on

1

Count Three and a sixty month consecutive sentence on Count Four, for a total of seventy-two months of imprisonment. (R. 568: Judgment).

On March 6, 2016, Petitioner filed a notice of appeal (R. 569: Notice of Appeal), and on April 14, 2016, the Sixth Circuit dismissed Petitioner's appeal at his request. (R. 580: Order of Dismissal, PgID 4512). On January 5, 2017, the Sixth Circuit dismissed Petitioner's appeal for a second time, again at Petitioner's request. (R. 596: Order of Dismissal, PgID 14727). Petitioner then filed a Section 2255 motion claiming that his possession of the firearm was not in furtherance of a drug trafficking crime. Petitioner also claims that the drugs (cocaine base) found at the house on Yonka Street were not packaged for sale and no drug dealing nexus between the drugs and the Yonka location existed. (R. 597: Motion to Vacate, PgID 4731-32; R. 594: Plea Hearing, PgID 4687). The Government filed a brief in response. For the reasons set forth below, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence.

## II. LEGAL STANDARD

In his § 2255 motion, Petitioner alleges there was insufficient evidence as to his convictions for: (1) possession of a firearm in furtherance of a drug trafficking crime; (2) possession with intent to distribute more than five grams of cocaine base; and (3) maintaining a drug-involved premises. Petitioner also alleges

2

ineffective assistance of counsel, claiming that he should have been offered a minor-role reduction as part of the plea bargain.

**A. Standard of Review**

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004). In order to prevail on a § 2255 motion, a petitioner "must allege three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

A court may not conduct a collateral review of a judgment where the issues for review have been decided on direct appeal. *DuPont v. United States,* 76 F.3d

108, 110-11 (6th Cir. 1996). A court also may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *Massaro v. United States,* 530 U.S. 500, 504 (2003). Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady,* 460 U.S. 152, 164-65 (1982); *Elzy v. United States,* 205 F.3d 882, 884 (6th Cir. 2000). Where a defendant fails to raise claims on direct appeal and attempts to raise them in a § 2255 motion, the defendant must show good cause for failure to raise the claims and establish prejudice or the defendant must show he or she is actually innocent. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003).

**B.** Insufficiency of Evidence

Defendants who claim insufficiency of the evidence bear a very heavy burden. *United States v. Ray*, 803 F.3d 244, 262-64 (6th Cir. 2015). A federal court must first "determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process.

**I.**     **ANALYSIS**

### A. Possession of Firearm in Furtherance of Drug Trafficking

Petitioner first claims that there was insufficient evidence as to the charge of possession of a firearm in furtherance of a drug trafficking crime. (R. 597: Motion to Vacate, PgID 4731). The term "in furtherance of," under § 924(c) is understood in its ordinary or natural meaning to consist of a "helping forward…advancement, [or] promotion, [therefore] the weapon must promote or facilitate the crime." *Ray*, 803 F.3d at 262 (quoting *United States v. Mackey*, 265 F.3d 457, 460-61 (6th Cir. 2001)). Mere "possession" of a firearm on the same premises as a drug transaction [will] not…sustain a § 924(c) conviction. *Ray*, 803 F.3d at 262.

The Government must illustrate through specific facts, that the firearm was possessed to "advance or promote the criminal activity," *Mackey*, 265 F. 3d at 461, and there must exist a "specific nexus between the gun and the crime charged. *Ray*, 803 F.3d at 262. *See also United States v. Bailey*, 329 F. App'x 439, 441 (4th Cir. 2009) (holding "§ 924(c) requires the government to present evidence indicating possession of firearm furthered, advanced, or helped forward a drug trafficking crime"). Factors relevant to determining whether the weapon was possessed in furtherance of the crime include, "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Ray*, 803 F.3d at 263. The

5

firearm must be "strategically located so that it is quickly and easily available for use." *Id.*

Petitioner claims that there was never a drug transaction seen or recorded at the Yonka address to prove that the firearm was used to further any drug trafficking. (R. 597: Motion to Vacate, PgID 4731). He states that, because no such transaction exists, a reasonable person could not conclude that the firearm was possessed to help protect drugs or persons on the property, concluding that "mere possession" is not sufficient evidence to sustain his conviction. *Id.* As the Government notes, a fully loaded AK-47 was mere steps away from the dining room table that contained 25.4 grams of crack and a scale. The AK-47 was propped in the corner of a bedroom where another scale was located on the floor. The Government argues that these facts show that the firearm was possessed in furtherance of a drug trafficking crime—possession of cocaine with intent to distribute. (R. 603: Response to Motion, PgID 4760).

The Court concludes that Petitioner has failed to raise doubt whether the firearm was used in furtherance of drug trafficking activity. Although Petitioner has stated that no drug transactions were seen or recorded at the Yonka address, there is evidence from which a reasonable person could determine that the firearm was strategically located for quick and easy use – and Petitioner acknowledged facts to

support this conviction when he pled guilty before the undersigned. The firearm was fully loaded and located in close proximity to 25.4 grams of crack and two scales. The Court finds that evidence is sufficient to establish a specific nexus between the firearm and the drug trafficking activity.

    **B.** Intent to Distribute

Petitioner next argues that there was insufficient evidence to establish that the drugs in question were ready for sale and that he intended to distribute them. Courts have determined that intent can be "inferred from the quantity of narcotics in defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *See, e.g.*, *Mushatt v. McQuiggin*, 2011 U.S. Dist. LEXIS 158280, at *10 (E.D. Mich. Aug. 10, 2011). Intent to deliver can be established by circumstantial evidence, *Mushatt*, 2011 U.S. Dist. LEXIS 158280, at *11, or may be inferred from the "large quantity and purity of the cocaine." *United States v. Sims*, 46 F. App'x 807, 812-13 (6th Cir. 2002).

    In *Mushatt*, the court held that evidence of a box of plastic sandwich bags, digital scale, and the recovery of a large amount of cocaine supported the jury's finding that the defendant intended to deliver cocaine, which was sufficient to find Petitioner guilty of possession with intent to deliver. *Mushatt*, 2011 U.S. Dist. LEXIS 158280, at *12-13. The *Sims* court looked at the factors of quantity and

7

purity in determining whether an intent to distribute existed. *Sims*, 46 F. App'x at 812-13 ("an intent to distribute cocaine may be inferred from the large quantity and purity of the cocaine"). The defendant in *Sims* possessed at least two kilograms of cocaine and 300 grams of crack, five kilograms of which was 83% pure cocaine. *Id.* The court concluded that evidence was sufficient to show an intent to distribute. *Id. See also United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995) (intent to distribute can be inferred from the possession of a large quantity of drugs, "too large for personal use alone").

Petitioner claims that the drugs in question were not packaged to be distributed and there was no connection to the Yonka address with the sale of drugs. (R. 597: Motion to Vacate, PgID 4732). Petitioner further argues that the prosecution failed to take into account the history of drug usage. *Id.* The Government counters that there was 25.4 grams of cocaine on a table, along with a scale and smaller ziplock bags, all of which indicates the intent to distribute. (R. 603: Response to Motion, PgID 4759).

The Court finds that Petitioner has failed to present evidence or factual basis to support his claim that no intent to distribute was present. The Government presented sufficient evidence to show that, during a Title III investigation of two of the other defendants in the case (Defendants Huff and Rodgers), agents intercepted

numerous narcotics-related telephone calls and text messages between Defendant Rodgers and Petitioner. (R. 300: Response to Motion to Suppress, PgID 1488). During an intercepted conversation which agents believed to be discussions about packaging and distributing marijuana, Petitioner stated, "I got four loose…How many was already in a ziplock?" and Defendant Rodgers responded: ". . . I don't know it suppose to be a dime all together." *Id.* at PgID 1489. And, as Petitioner acknowledged at the plea hearing and in the plea agreement, there were 25.4 grams of cocaine on the table, along with a scale and smaller ziplock bags, further creates an inference of intent to distribute by way of how the drugs were packaged. The Court is satisfied that all of this evidence reflected that Defendant had an intent to distribute those drugs.

    **C.** Drug-Involved Premises

Petitioner's §2255 motion also contends that the Yonka address was not a drug-involved premises. Under 21 U.S.C. § 856(a), the offense of maintaining a drug-involved premises requires proof that the defendant "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, *for the purpose of* manufacturing, distributing, or using any controlled substance." *United States v. Russell,* 595 F.3d 633, 642 (6th Cir. 2010) (emphasis in original). The court in *Russell* relied on the Tenth Circuit's interpretation of § 856(a)(1) stating

that the drug-related purpose for maintaining the premises must be "at least one of the primary or principal uses to which the house is put." *Russell*, 595 F.3d at 642. The drug-related purpose must be "more than a mere collateral purpose of the residence." *Id.* The Government may show defendant maintained a place "for the purpose of" distributing drugs if the distribution was a *significant or important reason* for which the defendant rented or used the premises. *Russell*, 595 F.3d at 642. The Michigan Court of Appeals ruled that to "keep or maintain" a drug house, it is not necessary to own or reside at one, but to exercise "authority or control" for the purpose of keeping or selling drugs for a continuous period. *Mushatt*, 2011 U.S. Dist. LEXIS 158280, at *13 (quoting *People v. Griffin*, 235 Mich. App. 27, 32 (1999)).

Petitioner argues the use of drugs in a person's house is the right of that person and that he has a right to privacy in the confines of his home. Petitioner further claims that if a person uses drugs in a house that he owns, that does not make the house drug-involved. The Government presented evidence showing that agents intercepted numerous and specific references to money or drug proceeds being collected at two Detroit residences identified for Petitioner. The first residence was the Yonka address, where he was listed in public databases as the owner. The other residence was the Wexford address, which his driver's license

listed as his residence. (R. 300: Response to Motion to Suppress, PgID 1488).

On January 23, 2010, agents intercepted a call between Petitioner and Defendant Rodgers which they interpreted to be Petitioner telling Defendant Rodgers that Defendant Rodgers' money or drug proceeds were waiting for him at the Yonka address. *Id.* at PgID 1489. Physical surveillance corroborated that both Petitioner's residences were being used to further the distribution of drugs and two trash pulls yielded evidence of contraband, showing that the Yonka address was significant in the drug distributing operation. *Id.* at PgID 1493-94. Finally, at the plea hearing and in his plea agreement, Petitioner admitted that he had 25.4 grams of cocaine base at the house on Yonka. Such evidence shows a clear nexus between the Yonka address and drug trafficking activity, such that the Yonka address can be characterized as a drug-involved premises.

**D.** Ineffective Assistance of Counsel

Plaintiff argues that he had constitutionally deficient assistance of counsel. (R. 597: Motion to Vacate, PgID 4735). Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.*

"There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Counsel is not required to raise futile challenges in order to avoid a claim of ineffective assistance. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir.

1996).

Petitioner claims that counsel was ineffective by not requesting a minor-role reduction. (R. 597: Motion to Vacate, PgID 4735). Petitioner asserts that he should have been offered a minor-role reduction in the plea agreement because a person convicted of simple possession qualifies for such a reduction *Id.* (citing *United States v. Reilly*, 2013 U.S. Dist. LEXIS 45445, 37 (E.D. Ky. 2013). In *Reilly*, the defendant was charged with twelve counts of distributing child pornography but asserted his role was not as extensive as those who produced the pornography, but the court found defendant's conduct could not reasonably be described as less culpable than anyone else involved, therefore, the motion for role reduction was without merit and counsel's failure to file such a motion did not provide basis for ineffective assistance claim. The Government states that Petitioner has not met his burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. (R. 603: Response to Motion, PgID 4760).

The Court finds that Petitioner has not shown that his counsel's failure to request a minor-role reduction resulted in prejudice, nor has Petitioner shown that he was deprived of the defense of a fair sentencing – and Petitioner was not deprived of the defense of a fair trial, as he pled guilty. As discussed above, the

13

Court already found that Petitioner was not simply in possession, but was also involved in distribution of cocaine base. Although a minor-role reduction may have been arguable, the evidence supports a finding – and Petitioner admitted when he pled guilty – that he distributed cocaine base and possessed a firearm in furtherance of drug trafficking. For these reasons, the Court finds that Petitioner cannot demonstrate that his counsel's failure to request/argue for a minor-role reduction was an error "so serious as to deprive [Petitioner] of the right to a fair [sentencing]" (if it was error at all) or that Petitioner's defense was prejudiced in any way. Petitioner has failed to meet either prong of the *Strickland* test and does not have a sufficient basis for a claim of ineffective assistance of counsel.

### E. Conclusion

Accordingly, the Court finds that: (1) Petitioner's three insufficient evidence claims were meritless given the evidence presented by the Government; and (2) Petitioner has failed to show that his counsel's performance was deficient under either prong of the *Strickland* test. Petitioner is not entitled to relief under § 2255.

## III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rule of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was

amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the arguments raised by Petitioner are without merit.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-cr-20235-9, Doc. No. 597, filed January 25, 2017]** is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 17-cv-10248]** is **DISMISSED with prejudice.** The civil case is and shall be designated as

**CLOSED** on the Court's docket**.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

IT IS ORDERED.


                    s/Denise Page Hood
                    Denise Page Hood
                    Chief Judge, United States District Court

Dated: August 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2017, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager